**David P. Rossmiller, OSB No. 983395**
Email: drossmiller@bpmlaw.com
**Elissa M. Boyd, OSB No. 111679**
Email: eboyd@bpmlaw.com
Betts, Patterson & Mines, P.S.
111 SW 5th Avenue, Suite 3650
Portland, OR 97204
Telephone:     (503) 961-6338
Facsimile:      (503) 961-6339

*Attorneys for Plaintiff American Hallmark Insurance Company of Texas*

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| **AMERICAN HALLMARK INSURANCE COMPANY OF TEXAS**, a foreign corporation,<br><br>Plaintiff,<br><br>vs.<br><br>**OREGON INTERIORS, INC.**, an Oregon corporation; **AARON ENSLEY**, an individual; and **BROOKE ENSLEY**, an individual<br><br>Defendants. | NO.<br><br>**COMPLAINT**<br><br>(Declaratory Judgment) |

For its Complaint against defendants Oregon Interiors, Inc. ("Oregon Interiors"), Aaron Ensley ("Aaron") and Brooke Ensley ("Brooke"), Plaintiff alleges as follows:

Page 1 – COMPLAINT

## PARTIES

1. Plaintiff American Hallmark Insurance Company of Texas ("Hallmark") is a Texas corporation with its principal place of business located in Texas. At all relevant times, Hallmark has been licensed and registered to write certain lines of insurance in Oregon.

2. Oregon Interiors is an Oregon corporation with its principal place of business located in Clackamas, Oregon.

3. Aaron is an individual who resides in Clackamas, Oregon.

4. Brooke is an individual who resides in Clackamas, Oregon.

## JURISDICTION AND VENUE

5. This court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332, the federal diversity jurisdiction statute.

6. The amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.

7. Venue is proper in this court under 28 U.S.C. § 1391(b) because the defendants are domiciled in this District, because a substantial part of the events giving rise to the claim occurred in this District, and because the insurance was issued in this District.

## THE RELEVANT INSURANCE POLICY

8. Hallmark issued policy number 44-CL-490548-00 to named insured Oregon Interiors Inc with effective dates from February 25, 2016 until February 25, 2017 (the "Policy").

9. The limit of insurance for the Commercial Auto coverage portion of the Policy is $1 million.

10. The Policy contains endorsement AH 00 25 03 05, effective March 18, 2016, titled "Exclusion of Named Driver – Oregon". The exclusion names Brooke Ensley.

11. Aaron and Brooke are not named insureds on the Policy but they seek coverage by the Policy.

Page 2 – COMPLAINT

## COMMON ALLEGATIONS

12. Upon information and belief, Oregon Interiors is a contracting company and Aaron is its president.

13. Upon information and belief, Brooke is Aaron's daughter and at the times relevant to this lawsuit, was an employee of Oregon Interiors.

14. Due to Brooke's poor driving record, Hallmark would not continue to provide auto coverage to Oregon Interiors if Brooke was a covered driver.

15. Effective March 18, 2016, the Exclusion of Named Driver endorsement naming Brooke, which was signed by Aaron on behalf of Oregon Interiors, was added to the policy. The Exclusion of Named Driver states, in relevant part that:

> . . . it is agreed that the insurance afforded by this policy, with the exception of uninsured motorists, underinsured motorists and personal injury protection as legally mandated by the State of Oregon, shall not apply with respect to any claim arising from accidents which occur while the covered vehicle is operated by the named individual listed below. Minimum financial responsibility bodily injury uninsured motorists (including underinsured motorists) limits required in Oregon of $25,000/$50,000 or $50,000 CSL shall apply. Basic limits of personal injury protection shall apply.

Brooke Ensley<br>
Name of Individual

16. Upon information and belief, in spite of the Exclusion of Named Driver naming Brooke, on April 4, 2016 she drove a 2007 Chevrolet Tahoe owned by Oregon Interiors and listed on the Schedule of Covered Autos You Own in the Declaration Pages of the Policy.

17. Upon information and belief, at approximately 10 a.m. on April 4, 2016, Brooke failed to stop at a stop sign and struck a bicyclist, Gregory M. Fox ("Fox").

18. On April 8, 2016 a claim for the accident where Brooke struck Fox was tendered to Hallmark.

19. On April 11, 2016 coverage for the claim was denied. However, Hallmark did pay the statutory coverages that are excepted from the exclusion.

Page 3 – COMPLAINT

20. Fox filed a lawsuit against Oregon Interiors, Aaron and Brooke (and another unrelated entity) in the Circuit Court of the State of Oregon (the "Fox Lawsuit"). The Fox Lawsuit is Multnomah County case number 16CV30165 and it claims the following:

    a. Brooke was acting in the course and scope of her employment for Oregon Interiors when she struck Fox.

    b. Brooke was granted permission by Aaron and Oregon Interiors to drive the vehicle.

    c. Fox claims he suffered serious, permanent and disabling injuries, including:

        (1) Traumatic brain injury;

        (2) Hearing loss in his left ear;

        (3) Injury to his left hip, knee and leg; and

        (4) Injury to his right thigh.

21. The Fox lawsuit requests $1,750,000 in economic and non-economic damages.

22. On November 29, 2016 the claim was retendered to Hallmark on behalf of Oregon Interiors and Aaron. The retender letter asked that Oregon Interiors and Aaron be given a defense in the Fox Lawsuit.

23. Upon information and belief, Brooke also sought a defense in the Fox Lawsuit.

24. On December 14, 2016 Hallmark responded to the tender and said it was having the file reviewed.

25. On or about February 16, 2017, Hallmark denied the tender for Oregon Interiors, Aaron and Brooke based in part on the Exclusion of Named Driver.

### FIRST CLAIM FOR RELIEF
### (DECLARATORY JUDGMENT)

26. Hallmark incorporates by reference all allegations set forth above.

27. An actual controversy exists between Hallmark and Oregon Interiors, Aaron and Brooke regarding whether Hallmark has a duty to defend any of the defendants in the Fox

Page 4 – COMPLAINT

Lawsuit under the Policy. Namely, Hallmark does not believe it owes a duty to defend any of the defendants, but each defendant apparently believes it is owed a defense from Hallmark.

28.	Pursuant to 28 U.S.C. § 2201, Hallmark is entitled to a declaration by this Court of its rights and duties related to the defense of Oregon Interiors, Aaron and Brooke in the Fox Lawsuit under the Policy.

WHEREFORE, Hallmark prays for judgment as follows:

1. a declaration that Hallmark does not owe Oregon Interiors a defense in the Fox Lawsuit under the Policy;

2. a declaration that Hallmark does not owe Aaron Ensley a defense in the Fox Lawsuit under the Policy;

3. a declaration that Hallmark does not owe Brooke Ensley a defense in the Fox Lawsuit under the Policy; and

4. for such other relief that the Court deems just and proper.

DATED this 1st day of March, 2017.

BETTS, PATTERSON & MINES, P.S.

By  /s David Rossmiller
**David P. Rossmiller, OSB No. 983395**
Email: drossmiller@bpmlaw.com
**Elissa M. Boyd, OSB No. 111679**
Email: eboyd@bpmlaw.com
Telephone:  (503) 961-6338
Facsimile:   (503) 961-6339

*Attorneys for Plaintiff American Hallmark Insurance Company of Texas*

Page 5 – COMPLAINT